AO-10
Rev. 1/2004

# FINANCIAL DISCLOSURE REPORT

## FOR CALENDAR YEAR 2004

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (Last name, First name, Middle initial)  LOZANO, RODOLFO | 2. Court or Organization  U.S. DISTRICT COURT | 3. Date of Report  5/11/2005 |
|---|---|---|
| 4. Title (Article III Judges indicate active or senior status; magistrate judges indicate full- or part-time)  DISTRICT JUDGE - ACTIVE | 5. ReportType (check appropriate type)  ○ Nomination Date  ○ Initial  ◉ Annual  ○ Final | 6. Reporting Period  1/1/2004  to  12/31/2004 |
| 7. Chambers or Office Address  5400 FEDERAL PLAZA  SUITE 4300  HAMMOND, IN 46320 | 8. On the basis of the information contained in this Report and any modifications pertaining thereto, it is, in my opinion, in compliance with applicable laws and regulations.  Reviewing Officer_____ Date_____ | |

**IMPORTANT NOTES:** The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information. Sign on last page.

## 1. POSITIONS. (Reporting individual only; see pp. 9-13 of filing instructions)

☐ **NONE** - (No reportable positions.)

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. *1 PARTNER | TRUST NO. 2851 GOUGH SPANGLER BUILDING |

2005 MAY 16 A 11: 10
FINANCIAL DISCLOSURE OFFICE
RECEIVED

## II. AGREEMENTS. (Reporting individual only, see pp. 14-16 of filing instructions)

☑ **NONE** - (No reportable agreements.)

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |

# FINANCIAL DISCLOSURE REPORT

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 5/11/2005 |

## II. NON-INVESTMENT INCOME. (Reporting individual and spouse; see pp. 17-24 of filing instructions)

### A. Filer's Non-Investment Income

☑ NONE - (No reportable non-investment income.)

| DATE | SOURCE AND TYPE | GROSS INCOME (yours, not spouse's) |
|---|---|---|
| 1. | | |

### B. Spouse's Non-Investment Income - (If you were married during any portion of the reporting year, please complete this section. Dollar amount not required except for honoraria.)

☑ NONE - (No reportable non-investment income.)

| DATE | SOURCE AND TYPE |
|---|---|
| 1. | |

## IV. REIMBURSEMENTS -- transportation, lodging, food, entertainment.

(includes those to spouse and dependent children. See pp. 25-27 of instructions.)

☑ NONE - (No such reportable reimbursements.)

| SOURCE | DESCRIPTION |
|---|---|
| 1. | |

## V. GIFTS. (Includes those to spouse and dependent children. See pp. 28-31 of instructions.)

☐ **NONE** - (No such reportable gifts.)

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | *9 Union League Club of Chicago | Honorary Membership (Judicial Dues, like privileges) | $840 |

## VI. LIABILITIES. (Includes those of spouse and dependent children. See pp. 32-34 of instructions.)

☐ **NONE** - (No reportable liabilities.)

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | *3 Transamerica Life Ins. Co. | Insurance Loans | L |
| 2. | *2 Fifth Third Bank | Jointly & severally on note, building trust | PI |
| 3. | Thrift Savings Plan | Loan | J |
| 4. | Chase Mastercard | Credit card balance | J |

| Name of Person Reporting | Date of Report |
|---|---|
| LOZANO, RODOLFO | 5/11/2005 |

## VII. INVESTMENTS and TRUSTS -- income, value, transcations (includes those of the spouse and dependent children. See pp. 34-57 of filing instructions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g. div. rent or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g. buy, sell, merger, redemption) | If not exempt from disclosure | | | |
| | | | | | | (2) Date: Month-Day | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| ☐ NONE (No reportable income, assets, or transactions) | | | | | | | | | |
| 1. *4 LANGELIER - ONE PARK AVENUE, real estate | A | Int | L | R | sell | 07/04 | | G | S.L. Green ealt Corp. |
| 2. (95,000 - 1985) | | | | | | | | | |
| 3. *5 EFRON II, LTD. PARTNERSHIP, real estate | C | Rent & Int | K | W | | | | | |
| 4. (50,000 - 1983) | | | | | | | | | |
| 5. (*1) TRUST NO. 2851 (real estate partnership) | D | Rent | M | Q | | | | | |
| 6. | | | | | | | | | |
| 7. (*8) AG EDWARDS | A | Interest | K | T | | | | | |
| 8. (*10) BANK ONE a/k/a JP Morgan Chase, passbook savings | A | Interest | L | T | | | | | |
| 9. Fifth Third Bank Pass Book Savings | A | Interest | D | T | | | | | |
| 10. *3 Transamerica Insurance Co Whole Life Insurance | C | Dividend | J | T | | | | | |
| 11. *3 Transamerica Insurance Co. Universal Life | A | Interest | J | T | | | | | |
| 12. *3 Transamerica Insurance Co. Universal Life | A | Interest | J | T | | | | | |
| 13. *3 Transamerica Insurance Co. Universal Life | A | Interest | J | T | | | | | |
| 14. *3 Transamerica Insurance Co. Universal Life | A | Interest | J | T | | | | | |
| 15. *11 Prudential Insurance Co. Limited Pay Policy | A | Dividend | J | T | | | | | |
| 16. *11 Prudential Insurance Co. Limited Pay Policy | A | Dividend | J | T | | | | | |
| 17. *11 Prudential Insurance Co. Limited Pay Policy | A | Dividend | J | T | | | | | |

| 1. Income/Gain Codes: (See Columns B1 and D4) | A = $1,000 or less | B = $1,001-$2,500 | C = $2,501-$5,000 | D = $5,001-$15,000 | E = $15,001-$50,000 |
|---|---|---|---|---|---|
| | F = $50,001-$100,000 | G = $100,001-$1,000,000 | H1 = $1,000,001-$5,000,000 | H2 = More than $5,000,000 | |
| 2. Value Codes: (See Columns C1 and D3) | J = $15,000 or less | K = $15,001-$50,000 | L = $50,001-$100,000 | M = $100,001-$250,000 | |
| | N = $250,000-$500,000 | O = $500,001-$1,000,000 | P1 = $1,000,001-$5,000,000 | P2 = $5,000,001-$25,000,000 | |
| | P3 = $25,000,001-$50,000,000 | | P4 = More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q = Appraisal | R = Cost (Real Estate Only) | S = Assessment | T = Cash/Market | |
| | U = Book Value | V = Other | W = Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS     (Indicate part of Report.)

*1   I have not participated in any management decisions since prior to my taking the bench. I requested that I not be involved in any management decisions while on the bench and I have been advised that a resolution was passed to this effect. I have not and will not accept any cases involving Spangler, Jennings & Dougherty.   Value for building is shown as my share only. In the past, the building's value was shown as total value.   Value of building is shown as appraisal at the time the loan with Fifth Third was issued. Appraisal issued 7/17/98 to Pinnacle Bank (which later became Fifth Third).

*2   Office building in Merrillville, Indiana jointly and severally listed on note together with other owners of real estate. I have not and will not accept any cases in which Spangler, Jennings & Dougherty is involved.

*3   I have life insurance policies with Transamerica Insurance Company as follows:
One universal life policy on my life with a net cash value of $1,845.39 (with no outstanding loans);
One whole life policy on myself with a surrender value of $9,416.90, and an outstanding loan on this policy for $60,209.45 (Dividends of $3,437.50 applied to annual premium of $4,992.50);
One universal life policy on ████████ with a cash value of $1,841.30 (no loans) Interest received approximately 4% applied to premium;
One universal life policy on ████████ with a cash value of $749.75 (no loans) Interest received approximately 4% applied to premium;
One universal life policy on ████████ with a cash value of $734.62 (no loans) Interest received approximately 4% applied to premium.

*4   Langelier, limited partnership - office building, New York City. On approximately July 7, 2004, I was credited with a one time nonmonetary distribution from this entity in the value code range of G. This distribution was a result of the exercise of a purchase option held by an entity unrelated to me. I anticipate actually receiving a one time modest cash distribution of the option exercise proceeds sometime in the future. The date and amount of such distribution is unknown at this time.

*5   Efron II, limited partnership - shopping center, Ypsilanti, Michigan (valued at cost paid).

*6   I have not and will not accept any cases with Mort Efron, who is the general partner in Efron II.

*8   A.G. Edwards. In October 2004 money from money market account used to purchase First Federal Bank of California FSB 2% 2005 certificate of deposit due April 20, 2005 ($24,000).

*9   For the past 5 or 6 years I have had a judicial membership with the Union League Club of Chicago. Ninety-nine percent of my use of membership occurs for room and board while sitting by designation as a district judge in the Northern District of Illinois. Benefit of reduced dues amounts to approximately $840. I pay $60 per month in dues. Regular dues are $130 per month. I have not made use of the Union League facilities for approximately 2-3 years.

10.   I cashed out my Thrift Savings Plan monies, placing the funds in savings account. These savings account funds were used to pay tax on the withdrawal, tax ramifications of the sale of One Park Avenue, repairs to my home, and to reduce credit card debt.

*11   I have life insurance policies on ████████ with Prudential Insurance. They are all limited pay policies:
One limited pay policy on ████████ with a cash value of $1,932 (with no loans) Dividends of $93.40 applied to premium of $102.80;
One limited pay policy on ████████ with a cash value of $1,827 (with no loans) Dividends of $90.20 applied to premium of $103.40;
One limited pay policy on ████ with a cash value of $3,587 (with no loan) Dividends of $202.40 applied to premium of $194.60.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature

Date _5/11/05_

NOTE: A[...]OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § [...])

---

### FILING INSTRUCTIONS

Mail signed original and 3 additional copies to:

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544